**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. _____ |
| | : |
| v. | : |
| | : |
| TUTOR PERINI CORPORATION, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1.  This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2.  Plaintiff, a shareholder of Defendant Tutor Perini Corporation ("Tutor Perini" or the "Company"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 3 in the 2018 Proxy Statement for the annual meeting of Tutor Perini shareholders scheduled for May 23, 2018 ("Proposal 3"). The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3.  Proposal 3 requests that the shareholders approve the Tutor Perini Corporation Omnibus Incentive Plan (the "Plan") that would allow the Company to issue awards in the form of stock options, stock appreciation rights, restricted stock, phantom stock units, restricted stock

units, unrestricted stock awards, dividend equivalent rights, performance awards, and other cash-based awards. The Company is seeking approval for 2,239,364 shares to be made available under the Plan for future grants. But it is unclear how many participants are in the Plan and why they are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

    4.      Proposal 3 of the 2018 Proxy Statement fails to disclose the approximate number of eligible participants and the bases of their participation in the Plan.

    5.      Moreover, Item 10(b)(2)(i) of Schedule 14A requires that

> [w]ith respect to … any plan containing options, warrants or rights submitted for security holder action, state:
>
> (A) The title and amount of securities underlying such options, warrants or rights;
>
> (B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;
>
> (C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;
>
> (D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and
>
> (E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant;

    6.      The Plan includes non-qualified options, performance units and rights and a

number of other equity-based rights, but Proposal 3 fails to disclose information required by Item 10(b)(2)(i).

7. Thus, the 2018 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

9. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

10. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

11. Plaintiff is, and has been continuously since June 2014, a holder of Tutor Perini common stock.

12. Tutor Perini is a corporation organized under the laws of the State of Massachusetts.  The Company's last fiscal year ended December 31, 2017.  As of February 21, 2018, it had 49,791,010shares of common stock outstanding.  Tutor Perini's common stock is traded on the New York Stock Exchange under the symbol TPC.  Tutor Perini is a construction company offering general contracting, construction management and design-build services to private customers and public agencies across the world.

## WRONGFUL ACTS AND OMISSIONS

13. Tutor Perini has scheduled the annual shareholders' meeting for May 23, 2018. On April 13, 2018, it furnished its shareholders with the 2018 Proxy Statement to solicit their proxies for four management proposals and to transact other business that may properly come before the annual meeting.

14. Proposal 3 requests that the shareholders approve the Plan, which Tutor Perini will be able to use to grant stock options, stock appreciation rights, restricted stock, phantom stock units, restricted stock units, unrestricted stock awards, dividend equivalent rights, performance awards, and other cash-based awards to participants in the Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Tutor Perini stockholders to understand how many participants there are in each class, or why they are eligible for such shares.

15. Because Proposal 3 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2018 Proxy Statement to disclose certain information concerning the Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a)  Plans subject to security holder action.
>
>   (1)  Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2018 Proxy Statement omits these disclosures.

16. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 3 fails to mention that information. The 2018 Proxy

Statement provides:

> **Eligibility and Limitations on Grants.** All full-time and part-time officers, employees, non-employee directors and other key persons of Tutor Perini and its subsidiaries are eligible to participate in the Plan, subject to the discretion of the Administrator.

Proxy at 19.

17. The above paragraph merely describes four classes of persons – (i) full-time and part-time officers of the Company and its subsidiaries; (ii) employees of the Company and its subsidiaries; (iii) non-employee directors of the Company and its subsidiaries; and (iv) other key persons of the Company and its subsidiaries – but it does not explain how many persons are in each class, and it does not provide the bases of their participation.

18. The Plan itself, attached to the 2018 Proxy Statement as Exhibit A, has a different criteria for Eligibility:

> Section 4. <u>Eligibility</u> Grantees under the Plan will be such full or part-time officers and other employees, non-employee directors and key persons (including consultants and prospective employees) of the Company and its Subsidiaries as are selected from time to time by the Administrator in its sole discretion.

Proxy at A-6.

19. The text of the Plan itself does not define consultants or "prospective employees."

20. Moreover, the definition of "Subsidiary" is quite broad.

21. "Subsidiary" as defined by the Plan means "any corporation or other entity (other than the Company) in which the Company has a controlling interest, either directly or indirectly."

22. Thus, Proposal 3 is confusing and inaccurate as to who is eligible and it is

5

entirely unclear from the 2018 Proxy Statement how many participants might be awarded the compensation from the Plan that stockholders are being asked to approve or the bases of their receipt of such awards.

23. Moreover, Item 10(b)(2)(i) of Schedule 14A requires that

[w]ith respect to … any plan containing options, warrants or rights submitted for security holder action, state:

(A) The title and amount of securities underlying such options, warrants or rights;

(B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;

(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;

(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and

(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant;

24. Despite the fact that the Plan includes stock option compensation, as well as performance units and rights and a number of other equity-based rights, Proposal 3 fails to provide information set forth in part D of paragraph (b)(2)(i) of Item 10: "[t]he market value of the securities underlying the options, warrants, or rights as of the latest practicable date."

25. This contravention of the SEC rules renders the 2018 Proxy Statement unlawful under § 14(a) of the Exchange Act.

26. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for an unknown number of shares to be granted to an unknown number of participants immediately after this vote. Unwinding these awards will be impossible.

6

27. To ameliorate the injury, injunctive relief is required in the form of an amended and supplemented proxy statement that provides the information required by Items 10(a)(1) and 10(b)(2)(i) of Schedule 14A with regard to Proposal 3.

28. Consequently, Tutor Perini should be enjoined from presenting Proposal 3 for a stockholder vote at the May 23, 2018 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Tutor Perini shareholder in connection with Proposal 3 in the 2018 Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining Tutor Perini from:

(i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Tutor Perini shareholder in connection with Proposal 3 in the 2018 Proxy Statement;

(ii) presenting Proposal 3 for a shareholder vote at the May 23, 2018 annual meeting.

B. A preliminary and permanent injunction requiring Tutor Perini to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Items 10(a)(1) and 10(b)(2)(i) that is cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

C. Awarding such other and further relief as this Court deems just and proper.

Dated: April 16, 2018

                                                                                **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

                                                                                By: /s/ *Gloria Kui Melwani*

                                              Gloria Kui Melwani
                                              270 Madison Avenue
                                              New York, NY 10016
                                              Telephone: (212) 545-4600
                                              Facsimile: (212) 686-0114

                                              ***Attorneys for Plaintiff***